# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KARLA J. LEWIS CLARK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-178-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Karla J. Lewis Clark on April 20, 2017, and a Brief in Support of Plaintiff's Motion for Summary Judgment [DE 17], filed December 18, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for benefits or further proceedings. On January 29, 2018, the Commissioner filed a response, and on February 26, 2018, Plaintiff filed a reply.

**I.   Background**

On July 18, 2011, Plaintiff filed an application for benefits alleging that she became disabled on June 2, 2010. Plaintiff's application was denied initially and upon reconsideration. On May 16, 2013, Administrative Law Judge ("ALJ") Angelita Hamilton issued a decision finding that Plaintiff was not disabled, and Plaintiff appealed the decision. On September 17, 2015, this Court issued an opinion and order reversing and remanding the ALJ's decision, and the Appeals Council remanded the matter to the ALJ. On September 20, 2016, ALJ Shane McGovern held a video hearing at which Plaintiff, with an attorney representative, and a vocational expert ("VE") testified. On November 30, 2016, the ALJ issued a second decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has engaged in substantial gainful activity since June 2, 2010, the alleged onset date. However, there are periods of 12 continuous months whereby the claimant did not engage in substantial gainful activity.

3. The claimant has severe impairments: degenerative disc disease of the lumbar and cervical spine; right elbow epicondylitis; bilateral knee osteoarthritis; presyncope; fibromyalgia, asthma; hypertension; gastroesphogeal reflux disease (GERD); and migraines.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to lift and/or carry up to 10 pounds occasionally and nominal weight frequently, can sit for about six hours of an eight hour workday and stand and/or walk for about two hours out of an eight hour workday. The claimant can occasionally climb ramps and stairs; can occasionally stoop, kneel, balance, crouch, and crawl but can never climb ladders, ropes, or scaffolds. She can frequently handle, finger, and feel. She should avoid all exposure to extreme cold, extreme heat, wetness, or humidity. She is limited to no more than occasional exposure to irritants, such as fumes, odors, dust, gasses or poorly ventilated areas. She is to avoid exposure to moving mechanical parts, unprotected heights, or bright sunshine/light that emulates bright sunshine.

6. The claimant is capable of performing past relevant work as a collection clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 2, 2010, through the date of the decision.

The Appeals Council did not take jurisdiction of the claim, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to follow the clear directives of the previous opinion and order remanding his case. The law of the case doctrine, applicable to judicial review of administrative decisions, requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *see also Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991). In this case, the previous opinion and order instructed the ALJ to rectify a number of errors, including correcting the mischaracterization of Plaintiff's daily activities, considering her reasons for seeking only conservative treatment, properly weighing the

4

medical evidence in the record, particularly the opinion of the examining physician, and drawing a logical bridge between the medical evidence in the record and the conclusion, including possibly ordering additional examinations if the record was insufficient.

Plaintiff argues that the ALJ failed to comply with these directives. In particular, she argues that the ALJ drew negative inferences regarding her failure to seek additional medical treatment without asking her about that failure. When assessing non-compliance with treatment as a factor in considering a claimant's statements regarding her symptoms, the ALJ must analyze whether the non-compliance with treatment is justified and develop the record accordingly. *See* SSR 16-3p, 2016 WL 1119029, at *7 (March 16, 2016); *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016) ("[T]he ALJ concluded from [the plaintiff]'s gap in treatment between August 2011 and September 2012 that her symptoms were not as severe as she alleged, but, as noted, he did not explore her reasons for not seeking treatment, another error."); *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("Although a history of sporadic treatment or the failure to follow a treatment plan can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference. . . . The claimant's 'good reasons' may include an inability to afford treatment, ineffectiveness of further treatment, or intolerable side effects."); *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) ("[T]he ALJ 'must not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care.").

In this case, the ALJ noted that Plaintiff had a lack of financial resources and health insurance, but then went on to conclude that she "did not exhaust all efforts to seek treatment, with no visits to free or subsidized clinics evidenced, and no indication that she was denied treatment in

5

the emergency room" – apparently, and ludicrously, suggesting that emergency medical services are appropriate and cost-effective sources of routine medical care. *See Goins v. Colvin*, 764 F.3d 677, 679–80 (7th Cir. 2014) (criticizing as "unsound" the dismissal of Plaintiff's testimony where ALJ "thought that at least [the plaintiff] might have been expected to visit a hospital emergency room more frequently than she had done"); *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013) (finding error where ALJ "noted [the plaintiff's] explanation that she hadn't had medical insurance or an income large enough to pay for medical treatment out of pocket, but said she could have sought treatment in a hospital emergency room . . . [and] seemed unaware that emergency rooms charge for their services and are required to treat an indigent only if the indigent is experiencing a medical emergency"). Not only did the ALJ fail to identify any suggested treatment with which Plaintiff did not comply, but the ALJ failed to question Plaintiff about her about perceived conservative treatment at the hearing, despite the previous specific order from the Court that the ALJ identify the alternative treatment plan Plaintiff was failing to obtain and explore Plaintiff's reasons for the perceived failure to seek treatment. This failure alone is sufficient to require remand.

Plaintiff argues that the ALJ also failed to explain how Plaintiff's activities supported his finding regarding her limitations and failed to address any of the evidence and testimony that was contrary to his finding. In the previous Opinion, the ALJ was directed to explain how the limitations from Plaintiff's severe impairments were incorporated into the RFC, particularly the severe impairments of fatigue and sciatica. The current opinion does not address either of these impairments at all, even as non-severe impairments, without any explanation of why the diagnoses and reported limitations stemming from these impairments are no longer credible. The ALJ also fails to address Plaintiff's testimony and limitations that are inconsistent with his ultimate findings to

6

explain why they were disbelieved and not incorporated into the RFC, such as the number of breaks Plaintiff took while working less than forty hours per week in short-term employment at a tax agency or the frequent need to wear gloves while typing, failing to resolve inconsistencies in the evidence and raising concerns that he cherry-picked evidence in the record to support his conclusions. *See* SSR 16-3p, 2017 WL 5180304 at *8 ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."); *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) ("An ALJ cannot rely only on the evidence that supports her opinion.") (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

In short, the Commissioner failed "to conform its further proceedings in the case to the principles set forth in the judicial decision," with no reason as to why departure was appropriate. *Wilder*, 153 F.3d at 804. As previously ordered, the Court again directs the ALJ to fully weigh the medical and other evidence in the record, explaining the weight given to the evidence in the record and how Plaintiff's medically-determinable impairments are incorporated into the RFC. The ALJ is reminded of the responsibility to develop the record, which may include ordering additional examinations or contacting medical sources to obtain records and evidence necessary to making the

7

determination. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Brief in Support of Plaintiff's Motion for Summary Judgment [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of September, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record